T.C. Memo. 2018-57

UNITED STATES TAX COURT

ABOVO FOUNDATION, INC., Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18673-15X.                    Filed April 30, 2018.

Emmanuel C. Okonkwo (an officer), for petitioner.

<u>Marissa R. Lenius</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  Pursuant to section 7428(a), petitioner seeks a declaratory judgment that it meets the requirements of section 501(c)(3) and is exempt from Federal income taxation.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  This case was submitted for

[*2] decision based on the stipulated administrative record as defined in Rule 210(b)(12). See Rule 217. Petitioner exhausted its administrative remedies as required by section 7428(b)(2) and Rule 210(c)(4); received a final adverse determination letter dated June 5, 2015, relating to its initial application for tax-exempt status; and filed its petition and amended petition with the Court on July 21 and August 26, 2015, respectively.

## Background

Emmanuel C. Okonkwo is a military veteran, medical doctor, and board certified expert in patient safety and risk management. He holds doctor of medicine, master of science in quality systems management, and bachelor of individual studies in hospital management degrees. On May 27, 2011, Dr. Okonkwo incorporated petitioner, Abovo Foundation, Inc. (Abovo), as a Texas domestic nonprofit corporation. Abovo's primary purpose would be to deliver quality management consulting services to medical providers and advance Government programs through patient safety initiatives. Its quality management services would include "defining, identifying, analyzing, measuring and controlling systems and processes to ensure desirable outcomes". In addition, Abovo would provide "uplifting services for the elderly and veterans", housing for low-income individuals, and internal auditing services.

[*3] Abovo would solicit donations and receive fees relating to its services. Dr. Okonkwo, Abovo's president, chief executive officer, and sole employee, would perform services provided to clients (i.e., at an hourly rate of $350), receive a $217,000 salary, and be eligible for an annual performance-based bonus (i.e., not to exceed $100,000). While Abovo has not entered into any service contracts, its fee structure would be market based and dependent on the nature of the project and the expertise required to complete it.

On April 23, 2012, respondent received Abovo's incomplete Form 1023, Application for Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code. On September 4, 2012, at respondent's request, Abovo sent respondent an updated Form 1023, and on December 10, 2013, amended its certificate of formation to provide that Abovo was organized exclusively for charitable, religious, educational, and scientific purposes pursuant to section 501(c)(3).

## Discussion

Pursuant to section 501(a), organizations described in section 501(c) generally are exempt from Federal income taxation. Section 501(c)(3) requires that an organization be organized and operated exclusively for exempt purposes, and that "no part of * * * [its] net earnings * * * inure[] to the benefit of any

**[\*4]** private shareholder or individual" (i.e., the organizational and operational tests). Sec. 501(c)(3); sec. 1.501(c)(3)-1(a) to (c)(2), Income Tax Regs. Only the operational test is at issue.

Abovo contends and bears the burden of establishing that its services would advance Government programs pursuant to Federal patient safety laws and lessen the Government's burden. See Rule 142(a). To the contrary, Abovo's services would not serve an exempt purpose, would be commercial in nature, and would serve Dr. Okonkwo's, rather than the public's, interest. See sec. 501(c)(3); Better Bus. Bureau v. United States, 326 U.S. 279, 283 (1945); sec. 1.501(c)(3)-1(c)(1) and (2), Income Tax Regs. The administrative record does not establish that Abovo would act on the Government's behalf or that Abovo's consulting services would lessen the Government's burden. See Quality Auditing Co. v. Commissioner, 114 T.C. 498, 507-508 (2000) (citing Columbia Park & Recreation Ass'n v. Commissioner, 88 T.C. 1, 21 & n.45 (1987), aff'd, 838 F.2d 465 (4th Cir. 1988)); cf. Ind. Crop Improvement Ass'n v. Commissioner, 76 T.C. 394 (1981) (holding that a taxpayer's testing and certification of agricultural products lessened the Government's burden).

In short, Abovo is a facade for Dr. Okonkwo's consulting activities. See B.S.W. Grp., Inc. v. Commissioner, 70 T.C. 352, 358 (1978) (stating that the

[*5] relevant consulting activities were "of the sort which * * * [were] ordinarily carried on by commercial ventures organized for profit").  Abovo would develop Dr. Okonkwo's business relationships, further his consulting career as a board certified expert in patient safety and risk management, and potentially pay him annual compensation in excess of $300,000.  See sec. 501(c)(3); B.S.W. Grp., Inc. v. Commissioner, 70 T.C. at 359; sec. 1.501(c)(3)-1(c)(2), Income Tax Regs.  The benefits relating to Abovo would inure to Dr. Okonkwo, Abovo's sole employee, service provider, and primary source of funding.  Because Abovo would be operated for commercial purposes and for the benefit of Dr. Okonkwo, it does not qualify for tax exemption.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.